**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. |
| | ) | |
| v. | ) | **FILED UNDER SEAL** |
| | ) | |
| PHILIP H. BLOOM., | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION TO SEAL THE INFORMATION, PLEA
PROCEEDING AND FUTURE PROCEEDINGS IN THIS CASE
UNTIL FURTHER ORDER OF THIS COURT AND
TO SEAL THIS MOTION TO SEAL**

The United States of America, by and through its undersigned attorneys, hereby submits this motion to seal the Information, Plea Agreement, Factual Basis, and related plea materials and proceeding in this case until further Order of this Court, and to seal the instant motion to seal. In support of this motion the government states as follows:

1. The Defendant has agreed to enter a pre-indictment plea to a three count criminal Information.

2. The sealing is necessary because the plea agreement contains sensitive information, disclosure of which would not be in the interest of either the Defendant or the Government.

3. As part of his plea agreement, the Defendant has agreed to provide cooperation to the Government as an aid in the identification and prosecution of other targets of the grand jury. It is possible that this cooperation will continue until

the date of sentencing in this case.

    4.   The on-going criminal and grand jury investigation involves an international bribery, fraud and money laundering scheme carried out in Iraq, Romania, Switzerland, the United States and elsewhere.  In addition to his knowledge of criminal activity by United States military officers and civilian employees as detailed in the Defendant's Factual Basis and the previously filed plea materials of one of the Defendant's co-conspirators (United States v. Robert Stein, 06-16-CKK (D.D.C. 2006)), the Defendant will also be cooperating in the investigation of possible criminal activity by high-level foreign officials whose activities include not only bribery, fraud and money laundering but also possible crimes of violence committed by United States citizens and foreign nationals at their direction in Iraq.  Therefore, based on the nature of the on-going criminal and grand jury investigation, the Government submits that public notice of the Defendant's cooperation would likely compromise this on-going criminal and grand jury investigation by (1) placing the personal safety of innocent third parties at risk; (2) alerting potential targets of the Defendant's cooperation against them, thereby causing the cooperating Defendant to be reluctant to continue his cooperation; (3) causing prospective witnesses, including the cooperating Defendant, to be deterred from testifying or to be

less likely to provide truthful testimony to the grand jury; (4) causing potential witnesses to avoid authorities attempts to contact them; and (5) causing potential witnesses and targets to destroy documentary and other evidence which may be subpoenaed by the grand jury or otherwise obtained by government authorities.

    5.   It is the experience of veteran prosecutors assigned to this matter, as well as experienced law enforcement officials, that it is a common practice for individuals who are under criminal investigation to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. Consequently, public notice of the filing of the sealed pleadings, itself, is likely to compromise any on-going criminal and grand jury investigation and present a substantial risk to the personal safety of cooperating individuals.

    6.   In addition, many judges in this District encourage the United States to utilize plea agreements with 18 U.S.C. § 3553(e) and 5K1.1 provisions which afford the Court an adequate opportunity after-the-fact to review and credit a defendant's cooperation when imposing sentence. The Government submits that the premature public docketing of these types of sealed pleadings may well deny the Defendant the benefits of these departure provisions and frustrate this office's efforts to develop cooperating defendants and to utilize these provisions of the

Sentencing Guidelines.

7. Accordingly, the Government submits that these facts present an extraordinary situation[1] and a compelling governmental interest which justify the sealing of the criminal Information, Plea Agreement, Factual Basis, and related plea materials, plea proceeding, the sealing of future proceedings in connection with this case until further Order of this court, and the sealing of this pleading and accompanying Order until the government represents that it can continue its criminal prosecution without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case.

8. Defense counsel has been advised of the contents of this motion and has not indicated any objection to it.

WHEREFORE, it is respectfully requested that this motion be granted.

---

[1] See Post v. Robinson, 935 F.2d 282, 289 n. 10 (D.C. Cir. 1991).

Respectfully Submitted,

Andrew Lourie, Acting Chief
Public Integrity

_____
James A. Crowell IV
Ann C. Brickley
Trial Attorneys
Public Integrity Section

_____
Mark J. Yost
Patrick T. Murphy
Trial Attorneys
Asset Forfeiture and
Money Laundering Section

United States Department of Justice
Criminal Division
1400 New York Ave., NW
Washington, DC 20005
(202) 514-1412
James.Crowell@usdoj.gov
Ann.Brickley@usdoj.gov
Mark.Yost@usdoj.gov
Patrick.Murphy@usdoj.gov

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify under penalty of perjury that on this 23rd day of February, 2006, I caused to be served by regular mail a copy of the foregoing filing:

>John N. Nassikas, Esq.
>Arent Fox
>1050 Connecticut Ave., NW
>Washington, DC 200036
>(202) 857-6014
>
>Robert A. Mintz, Esq.
>McCarter & English, LLP
>Four Gateway Center
>100 Mulberry Street,
>Newark, NJ 07102-4056
>(973) 622-4444

>_____
>JAMES A. CROWELL IV
>Trial Attorney
>U.S. Department of Justice
>Criminal Division
>Public Integrity Section
>1400 New York Ave., NW
>Suite 12100
>Washington, DC 20005
>(202) 514-1412
>james.crowell@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. |
| | ) | |
| v. | ) | **FILED UNDER SEAL** |
| | ) | |
| PHILIP H. BLOOM., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Based on the representations in the attached <u>Government's Motion to Seal the Information, Plea Proceeding and Future Proceedings in this Case until Further Order of this Court and to Seal this Motion to Seal</u>, this Court makes the following:

**FINDINGS OF FACT**

1. Pursuant to the plea agreement in this case, the Defendant has agreed to cooperate with the United States in an on-going criminal/grand jury investigation.

2. The general public is not aware that the Defendant has agreed to cooperate with the United States in this on-going investigation.

3. The public docketing at this time of any notice that the Government has filed a <u>Motion to Seal the Information, Plea Proceeding and Future Proceedings in this Case until Further</u>

<u>Order of this Court and to Seal this Motion to Seal</u> as well as the Order granting such motion will likely jeopardize an on-going criminal and grand jury investigation and place the personal safety of parties involved in the investigation at unnecessary risk.

4.   Based on the representations in the <u>Government's Motion to Seal the Information, Plea Proceeding and Future Proceedings in this Case until Further Order of this Court and to Seal this Motion to Seal</u>, this Court also FINDS that there is a compelling governmental interest in sealing the pleadings, records and files in this case and that an extraordinary situation exists which justifies a delay in the public docketing of any notice that the Government's Motion to Seal and this Order have been filed with the Criminal Clerk's office under seal.[1]

Based on the above Findings of Fact, it is this _____ day of _____, 2006, hereby

ORDERED that this Order, and the attached <u>Government's Motion to Seal the Information, Plea Proceeding and Future Proceedings in this Case until Further Order of this Court and to Seal this Motion to Seal</u> shall be filed under seal in the Criminal Clerk's office until further order of this Court.

---

[1] <u>See</u> <u>Post</u> v. <u>Robinson</u>, 935 F.2d 282, 289, fn. 10 (D.C. Cir. 1991).

It is further

ORDERED that the plea proceeding in this case, and all future proceedings shall be conducted under seal until further Order of this Court.

It is further

ORDERED that the Criminal Clerk's office shall not make any entry on the public docket in this case of the filing of the <u>Government's Motion to Seal the Information, Plea Proceeding and Future Proceedings in this Case until Further Order of this Court and to Seal this Motion Seal</u> and the Order granting such motion, and other pleadings filed under seal in this case until further order of this Court.

_____
UNITED STATES DISTRICT JUDGE

```
cc:   James A. Crowell IV
      Ann C. Brickley
      Trial Attorneys
      U.S. Department of Justice
      Criminal Division
      Public Integrity Section
      1400 New York Ave., NW, 12th Floor
      Washington, DC 20005
      (202) 514-1412
      james.crowell@usdoj.gov
      Ann.brickley@usdoj.gov

      Mark Yost
      Patrick Murphy
      Trial Attorneys
      U.S. Department of Justice
      Criminal Division
      Asset Forfeiture and Money Laundering Section
      1400 New York Ave., NW, 2nd Floor
      Washington, DC 20005
      mark.yost@usdoj.gov
      Patrick.murphy@usdoj.gov

      Robert A. Mintz, Esq.
      McCarter & English, LLP
      Four Gateway Center
      100 Mulberry Street,
      Newark, NJ 07102-4056
      (973) 622-4444

      John N. Nassikas, Esq.
      Arent Fox
      1050 Connecticut Ave., NW
      Washington, DC 200036
      (202) 857-6014
```