```
            UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    :    Criminal No. 06-053-CKK
                            :
        v.                  :
                            :
PHILIP H. BLOOM,            :
                            :
        Defendant.          :
```

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION TO RECONSIDER MOTION TO IMPOSE CONDITIONS OF RELEASE

The United States, by and through its undersigned attorneys, respectfully requests that this Court continue to detain Defendant Philip Bloom. The Defendant has again failed to establish by clear and convincing evidence that there is a combination of conditions that reasonably assure his appearance in court for sentencing. No evidence was raised in the Defendant's Motion for Reconsideration that should alter the Court's decision. As such, the government asserts that the Defendant has not established that a detention hearing is necessary or warranted and strongly urges the Court to deny the relief requested and maintain the decision in the original Order.

### I. Proposed Conditions of Release

In his Motion for Reconsideration, the Defendant proposes three additional conditions of release. First, Defendant proposes to identify all property he owns, and will forfeit such property if he fails to uphold the conditions of his release and to waive any and all forfeiture defenses against such property. Second, the Defendant proposes that his ex wife will post a money

market account with a balance of approximately $150,000 and third, that the Defendant will not use any facsimiles, computers or other data storage devices and will only access the telephone through his attorneys.

Each of the Defendant's proposed conditions lacks substance. First, as part of the Defendant's plea agreement with the Government, the Defendant agreed to provide information about any assets subject to forfeiture. See Plea Agreement, ¶¶ 27-30. Such disclosure includes identifying assets that are proceeds of, or are traceable to, the Defendant's criminal conduct. To this end, the Defendant has been debriefed a number of times regarding his financial assets and has been willing to provide information about all of his assets so that the Government can determine which assets may be subject to forfeiture and which are not. During each debrief, the Defendant indicated that he was providing full disclosure of all of his financial assets. In connection with his cooperation, he and his counsel also indicated that they were willing to continue to identify assets in order to satisfy the Government that the Defendant has provided full disclosure.

Second, the Defendant proposes that his former wife, Victoria McManus, will post or agree to forfeit approximately $150,000 currently held in a money market account. The government does not believe that this offering provides any

substantive assurance of the Defendant's appearance in Court. The Defendant has been separated from Mrs. McManus for at least a decade.  The Defendant and Mrs. McManus remain in contact because Mrs. McManus was the primary caregiver for the Defendant's son, Christopher Bloom, while the Defendant was living overseas. Christopher Bloom is now an adult.  The connection between the Defendant and Mrs. McManus is tenuous at best.  The Government submits that Mrs. McManus' willingness to post additional assets does not sufficiently guarantee that the Defendant will not flee.

Finally, in response to the Court's observation that granting the Defendant's release would require a condition that the Defendant be prohibited from accessing virtually every form of communication device, the Defendant proposed that he would refrain from using facsimiles, computers, data storage devices and would only access the telephone through his attorneys.  Once again, this is a condition without substance.  As the Court noted, these conditions are not only untenable, they make it impossible for the Defendant to operate a business or support himself and his family.

## II. Risk of Flight

The Court correctly determined that the Defendant has failed to establish by clear and convincing evidence that he is not likely to flee.  See Memorandum Opinion ("Opinion") at 5.  The Court specifically relied upon the dishonest and sophisticated

3

nature of the Defendant's criminal conduct, the substantial sentence the Defendant is likely to serve, the Defendant's lack of ties to the District of Columbia, and his ties to and residence in Romania for the past 11 years. In his Motion for Reconsideration, the Defendant failed to establish any evidence that would reasonably assure his appearance in court.

    A. <u>Nature and Circumstances of the Crimes Committed</u>

In considering the circumstances of the crimes to which the Defendant pleaded guilty, the Court focused on the fact that the Defendant was involved in "sophisticated criminal behavior." Opinion at 5. As the Court pointed out, even in instances where courts are considering pretrial detention - where the burden of proof is lower - when the defendant's criminal conduct is sophisticated, Courts often favor detention. This is particularly true where a defendant has the ability to move financial assets and a familiarity with foreign jurisdictions. <u>United States v. Townsend</u>, 897 F.2d 989, 996 (9th Cir. 1990). Contrary to the Defendant's assertions in his Motion for Reconsideration, the Court's analysis is not based solely on the level of financial sophistication used to carry out the criminal scheme. Indeed, the analysis considers the sophistication of the overarching criminal conduct, the fact that it was carried out in a number of countries, the Defendant's access to large amounts of money and the manner in which the money was transferred from the

Defendant to his Co-Conspirators.  Here, the Defendant's ability to create dummy corporations and his relationships with foreign countries provided him the means by which to execute the criminal scheme.  He then utilized his voluminous financial resources in order to pay off other members of the bribery scheme.  This is exactly the type of conduct that exhibits an ability to travel "on the run" and establishes a basis upon which to find that the Defendant is a flight risk.  Furthermore, the Defendant's blatant transfer of bribe money only provides further evidence of his willingness to disregard the law when necessary to accomplish his own purposes.  As the Court determined, the Defendant has not established by clear and convincing evidence that this is not the case.

The Court also took into consideration that the Defendant faces a lengthy term of incarceration and that this could result in the Defendant spending a large percentage of his life in prison.  The fact that the Defendant has entered into a cooperation agreement with the government does not guarantee a significantly shortened sentence.  The Defendant is well aware of that fact, which creates an additional incentive to flee.

    B.   <u>Weight of the Evidence Against the Defendant</u>

As the Court acknowledged, the Defendant has pleaded guilty and "the factual basis sets out extensive and uncontroverted weight of the evidence against the Defendant."  Opinion at 6.

5

C. <u>History and Characteristics of the Defendant</u>

The Court's finding that the Defendant is a risk of flight was based in large part upon the fact that he has a girlfriend, infant daughter and residence in Romania, where he has lived for the past 11 years. The Defendant's foreign domicile, coupled with his lack of ties to the District of Columbia and the entire United States, are reasons alone to consider the Defendant a risk of flight. The Court further observed that while the Defendant claims that he is "close" with his siblings and son, the Defendant has not lived in the same country as these individuals for over 11 years. The Government urges the Court to continue to acknowledge that the confidence the Defendant's family members have that the Defendant will appear in court is outweighed by the Defendant's incentives to flee from a jurisdiction where he faces a substantial prison sentence.

The Court also correctly weighed the Defendant's history of deceptive criminal behavior, which mirrors the type of conduct the Defendant engaged in the instant offense. In both cases, the Defendant used deception to swindle organizations out of money. The Defendant's history of criminal behavior weighs heavily in favor of finding that the Defendant is a flight risk.

D.   <u>Detention Hearing</u>

The Court has already determined that a Detention Hearing is not warranted in this case.  As stated in the Court's original Opinion, the factors have been sufficiently briefed and a Detention Hearing is therefore unnecessary.  The government asserts that the Defendant's Motion for Reconsideration has presented no new facts or evidence that would require a Detention Hearing.

WHEREFORE, the United States respectfully requests this Court continue its order of detention and deny the Defendant's Motion to Reconsider the Defendant's Previous Motion to Impose Conditions of Release.

DATED: _____, 2006.

ANDREW LOURIE
Acting Chief, Public Integrity Section

By: /s/ Ann C. Brickley
Ann C. Brickley
James A. Crowell IV
Trial Attorneys
Public Integrity Section

Mark J. Yost
Patrick Murphy
Trial Attorneys
Asset Forfeiture and Money Laundering Section

U.S. Department of Justice
Criminal Division
1400 New York Ave., NW
Washington, DC 20005
James.crowell@usdoj.gov
Ann.Brickley@usdoj.gov
Mark.yost@usdoj.gov
Patrick.murphy@usdoj.gov

**CERTIFICATE OF SERVICE**

     I, the undersigned, hereby certify under penalty of perjury that on this 24th day of May, 2006, I caused to be served by regular mail a copy of the foregoing filing:

    John N. Nassikas, Esq.
    Arent Fox
    1050 Connecticut Ave., NW
    Washington, DC 200036
    (202) 857-6014

    Robert A. Mintz, Esq.
    McCarter & English, LLP
    Four Gateway Center
    100 Mulberry Street,
    Newark, NJ 07102-4056
    (973) 622-4444

                                   _____
                                   ANN C. BRICKLEY
                                   Trial Attorney
                                   U.S. Department of Justice
                                   Criminal Division
                                   Public Integrity Section
                                   1400 New York Ave., NW,
                                   Suite 12100
                                   Washington, DC 20005
                                   (202) 514-1412
                                   ann.brickley@usdoj.gov

cc:   James A. Crowell IV
      Ann C. Brickley
      Trial Attorneys
      U.S. Department of Justice
      Criminal Division
      Public Integrity Section
      1400 New York Ave., NW, 12th Floor
      Washington, DC 20005
      (202) 514-1412
      james.crowell@usdoj.gov
      Ann.brickley@usdoj.gov

      Mark Yost
      Patrick Murphy
      Trial Attorneys
      U.S. Department of Justice
      Criminal Division
      Asset Forfeiture and Money Laundering Section
      1400 New York Ave., NW, 2nd Floor
      Washington, DC 20005
      mark.yost@usdoj.gov
      Patrick.murphy@usdoj.gov

      John N. Nassikas, Esq.
      Arent Fox
      1050 Connecticut Ave., NW
      Washington, DC 200036
      (202) 857-6014

      Robert A. Mintz, Esq.
      McCarter & English, LLP
      Four Gateway Center
      100 Mulberry Street,
      Newark, NJ 07102-4056
      (973) 622-4444