UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR. No.  06-00053 |
| | ) | |
| PHILIP H. BLOOM | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF THE UNITED STATES FOR
ENTRY OF AN ORDER OF FORFEITURE**

The United States of America, by its undersigned counsel, respectfully submits this Motion for an Order of Forfeiture in the above-entitled case for the reasons set forth below.  A proposed order is submitted with this motion.

1.      On February 7, 2006, the defendant, Philip H. Bloom entered into a Plea Agreement with the United States in which he agreed to plead guilty to a three count Information. Count 1 charged that the defendant engaged in conspiracy in violation of 18 U.S.C. § 371; Count 2 charged bribery in violation of 18 U.S.C. § 201; and Count 3 charged a money laundering conspiracy in violation of 18 U.S.C. § 1956(h).

2.      Defendant entered his guilty plea to the Information on March 10, 2006.

3.      In connection with defendant's Plea Agreement, he agreed to the forfeiture of an account under his control in Switzerland (Account No. 19212 at Bank Hofmann), as well as the entry of a money judgment against him in an amount "not less than $3,600,000, representing the

proceeds of the conspiracy charged in Count 1 and the property involved in the conspiracy

charged in Count 3 of the Information."

4.      No property of Defendant, apart from Account No. 19212 at Bank Hofmann, is

subject currently to restraint, held by, or subject to the control of the United States.  The

Information sought forfeiture of substitute property, up to the value of the amount involved in

the crimes for which defendant was convicted, if any traceable forfeitable assets became

unavailable.

5.      The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 981(a)(1)(C),

which provides that "[a]ny property, real or personal, which constitutes or is derived from

proceeds traceable to . . . any offense constituting 'specified unlawful activity'" is subject to

forfeiture to the United States, and 28 U.S.C. § 2461(c), which provides that where "forfeiture of

property is authorized in connection with a violation of an Act of Congress . . . but no specific

statutory provision is made for criminal forfeiture" the Government may seek forfeiture in a

criminal case and, "upon conviction, the court shall order the forfeiture of the property."

6.      The Court further has jurisdiction predicated upon 18 U.S.C. § 982(a)(1), which

provides that "any property, real or personal, involved in" a violation of 18 U.S.C. §§ 1956 or

1957, "or any property traceable to such property" is subject to forfeiture to the United States.

7.      Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, provides, in

relevant part, that:

> (1) As soon as practicable after . . . accepting a plea of guilty  . . . the court
> shall determine what property is subject to forfeiture . . ..  If the
> government seeks a personal money judgment against the defendant, the
> court must determine the amount of money that the defendant will be
> ordered to pay.  The court's determination may be based on evidence
> already in the record, including any written plea agreement . . ..

(2) If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

8.      Defendant has consented to the entry of necessary orders of forfeiture in connection with the Plea Agreement, to waive all interest in any forfeitable asset, and to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States.

9.      Based upon the evidence set forth in the factual statement incorporated into the Plea Agreement and Defendant's consent to forfeiture, the United States has established the requisite nexus between Bank Hofmann Account No. 19212 and the offenses to which the defendant has pleaded guilty, demonstrating that the account to be forfeited represents proceeds from his conspiracy and money laundering offenses. Accordingly, that property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982, and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

10.     The Government seeks entry of an Order of Forfeiture in the form of a personal money judgment in the amount of $3,600,000, as well as specific forfeiture of Bank Hofmann Account No. 19212. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. See United States v. Baker, 227 F.3d 955 (7th Cir. 2000) (forfeiture order may include a money judgment for amount of money involved in laundering offense); United States v. Voigt, 89 F.3d 1050, 1084, 1088 (3d Cir. 1996) (Government entitled to personal money judgment equal to amount of money involved in laundering offense); United States v.

3

Navarro-Ordas, 770 F.2d 959, 969 (11th Cir. 1985) (court may enter "personal money judgment" against defendant for amount of illegally obtained proceeds).

11.     When a money judgment is entered against a defendant, the Court may order forfeiture of specific property of the defendant in satisfaction, or partial satisfaction, of the money judgment. Fed. R. Crim. Pro. 32.2(e)(1)(B). See United States v. Davis, 177 F. Supp.2d 470 (E.D. Va. 2001) (if property cannot be forfeited as directly traceable to the offense, it can be forfeited as a substitute asset and used to satisfy the money judgment); United States v. Numisgroup Intl. Corp, 169 F. Supp. 2d 133 (E.D.N.Y. 2001) (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy a money judgment, including a judgment based on the value of the missing proceeds and the value of the missing facilitating property). Defendant's Bank Hofmann Account No. 19212 will satisfy, in part or in whole, the money judgment entered against defendant.

12.     All defendants in a criminal scheme are jointly and severally liable to pay a forfeiture judgment equal to the total proceeds of the scheme. See, e.g., United States v. Spano, 421 F.3d 599, 603 (7th Cir. 2005) (all co-conspirators liable regardless of how much or how little they benefited); United States v. Edwards, 303 F.3d 606, 643-44 (5th Cir. 2002) (defendant liable to pay money judgment for value of foreseeable proceeds obtained by others in scheme); United States v. Candelaria-Silva, 166 F.3d 19 (1st Cir. 1999) (recognizing that even minor participants jointly and severally liable for full amount of proceeds).

13.     Certain assets relevant to satisfaction of the joint and several liability noted above have been recovered in connection with the proceedings in United States v. Robert J. Stein, Jr.,

4

No 06-16.  Additional specific assets have been recovered in connection with <u>United States v.</u>
<u>Bruce D. Hopfengardner</u>, No. 06-204.[1]

14.    With respect to Account No. 19212 at Bank Hofmann in Switzerland, the
Government requests that, upon entry of the Order of Forfeiture, the United States Attorney
General or his designee be authorized to conduct any discovery and other proceedings proper in
disposing of the property, in accordance with Fed. R. Crim. P. 32.2(b)(3).

15.    Upon the issuance of a Order of Forfeiture and pursuant to 21 U.S.C. § 853(n),
the Marshals will publish, at least once for three successive weeks in a newspaper of general
circulation, notice of the Order, notice of the Marshal's intent to dispose of the specifically
forfeited property in such manner as the Attorney General may direct, and notice that any
person, other than the defendant, having or claiming a legal interest in the property must file a
petition with the Court (and serve a copy on Patrick T. Murphy, Trial Attorney, Asset Forfeiture
and Money Laundering Section, United States Department of Justice) within thirty (30) days of
the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice
shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's
alleged interest in the property, shall be signed by the petitioner under penalty of perjury and
shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited
property and any additional facts supporting the petitioner's claim and the relief sought.  The
United States may also, to the extent practicable, provide direct written notice to any person

---

[1]  The Plea Agreement in <u>United States v. Hopfengardner</u> reflects certain specifically identified items for
forfeiture, as well as an anticipated money judgment of $144,500 against Hopfengardner in connection
with his guilty plea and convictions.

known to have alleged an interest in the property that is the subject of the Preliminary Order of

Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States respectfully requests that this Court enter the attached

proposed Order of Forfeiture against the defendant, Philip H. Bloom.

Respectfully submitted,

EDWARD C. NUCCI
Acting Chief, Public Integrity Section


_____/S/_____
JAMES A. CROWELL IV
ANN C. BRICKLEY
PATRICK T. MURPHY

Trial Attorneys
U.S. Department of Justice
Criminal Division
1400 New York Ave., NW
Washington, DC 20530
(202) 514-1412
James.crowell@usdoj.gov
Ann.brickley@usdoj.gov
Patrick.murphy@usdoj.gov

Dated: February 12, 2007

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that copies of the foregoing motion and proposed order were served this

12th day of February, 2007, on:

> John N. Nassikas III
> Arent Fox PLLC
> 1050 Connecticut Avenue, NW
> Washington, DC 20036-5339
>
> Attorney for Defendant Philip Bloom