UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR. No. 06-00053 |
| | ) | |
| PHILIP H. BLOOM, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea on Count 1 of the Information, for which the Government sought forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461, defendant shall forfeit to the United States all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violation.

2. As a result of the guilty plea on Count 3 of the Information, for which the Government sought forfeiture pursuant to 18 U.S.C. § 982, defendant shall forfeit to the United States all property involved in such violation.

3. The Court has determined, based on defendant's plea agreement and evidence already in the record, including defendant's factual statements, that Account No. 19212 at Bank Hofmann in Switzerland is subject to forfeiture pursuant to 18 U.S.C. § 982, as well as 18 U.S.C. § 981 and 28 U.S.C. § 2461, that the defendant had an interest in such property, and that the government has established the requisite nexus between such property and such offenses.

4. Accordingly, Defendant's interest in Account 12912 at Bank Hofmann in Switzerland (the "Subject Property"), is hereby deemed forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, and 28 U.S.C. § 2461.

5. The Court has further determined, based on defendant's plea agreement and evidence already in the record, including defendant's factual statements, that the Defendant shall forfeit to the United States the sum of $3,600,000.00 pursuant to Title 18, United States Code, §§ 981 and 982, and Title 28, United States Code § 2461. This money judgment is to be satisfied, in part, by the assets located in Bank Hofmann Account No. 19212.

6. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

7. The United States shall publish notice of the order and its intent to dispose of the Subject Property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

8. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c) which incorporates 21 U.S.C. § 853(n).

9. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

10. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

11. Following the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

12. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

13. Defendant's liability in this matter is joint and several with his co-conspirators, as detailed in the Order of Forfeiture entered in United States v. Robert J. Stein, Jr., No. 06-16 and promulgated at the sentencing in that matter on January 31, 2006, and to be addressed in ancillary proceedings in connection with that matter as

well as in United States v. Bruce D. Hopfengardner, No. 06-204. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property sufficient to satisfy the money judgment in whole or in part.

14. The Court shall retain jurisdiction to enforcing this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

15. The Clerk of the Court shall forward four certified copies of this Order to the Asset Forfeiture and Money Laundering Section, Criminal Division United States Department of Justice, Attention: Trial Attorney Patrick T. Murphy.

SO ORDERED:
Dated:
Feb. 14, 2007

_____
HON. COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

4