IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 06-cr-053-CKK |
| | ) | |
| PHILIP H. BLOOM, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## GOVERNMENT'S MOTION TO REDUCE PHILIP BLOOM'S SENTENCE FOR SUBSTANTIAL ASSISTANCE PURSUANT TO RULE 35(b)(2)

COMES NOW the United States of America, by and through its undersigned counsel, and hereby moves the Court to reduce the above-referenced defendant's sentence pursuant to Federal Rule of Crim Pro. 35(b)(2).

I.  **Background**

On March 10, 2006, Philip H. Bloom, a U.S. citizen living in Bucharest, Romania, pleaded guilty to a three-count information in the District of Columbia, charging him with conspiracy (18 U.S.C. § 371), bribery (18 U.S.C. § 201), and money laundering conspiracy (18 U.S.C. § 1956(h)). Bloom has been incarcerated since his arrest on November 15, 2005.

In February 2007, Bloom was sentenced before this Court. Your Honor granted the Government's Motion, pursuant to United States Sentencing Guideline 5K1.1, to reduce Bloom's sentence 4 levels for the substantial assistance he had provided up until February 2007. As a result of this downward departure, the Court sentenced Bloom to 46 months in prison, a sentence at the low end

of U.S.S.G. level 23.  Bloom has served over 30 months of his 46-month sentence.

Consistent with the terms of the Defendant's plea agreement, the Government hereby moves the Court for an additional 2-level reduction in the Defendant's applicable guideline range which would have the effect of reducing his sentence an additional seven months. The Government submits that, since the time of sentencing, Bloom's continued assistance to law enforcement has substantially benefitted the prosecution of other co-conspirators in this and other unrelated cases.  Rule 35(b)(2) authorizes courts to reduce a sentence based upon the government's motion:

> if the defendant's substantial assistance involved:
>
> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Here, Bloom's assistance fits into both categories.  Bloom has continued to assist the government by providing information about defendants scheduled to go to trial in September, 2008 in <u>United States v. Whiteford</u> in New Jersey.  This trial involves co-defendants of Blooms who received bribe payments and stolen property for their participation in the conspiracy for which

Bloom was prosecuted and convicted.  Over the past year, Bloom has provided information on the co-conspirators that was useful only in the context of preparing for their upcoming trial, and he provided additional information and documents on defendant Seymour Morris in response to specific questions from the prosecution team.  In addition, Bloom and his attorneys helped the government answer questions from the defendants in U.S. v. Whiteford about where and in what format certain evidence was recovered.  Had questions not arisen during trial preparation, the government would not have sought this information from Bloom.

In addition to his assistance with the upcoming Whiteford trial, Bloom also met with prosecutors from the Central District of Illinois ("CDIL") on one occasion and provided detailed information to them about contracts Bloom had with targets of an investigation that continues in their District.  Bloom, through his attorneys, provided documents and records relevant to the CDIL investigation, and the the CDIL prosecutors report that Bloom's assistance in their investigation was important to their ongoing investigation.

As a result, we move for an additional two level reduction for Bloom under Rule 35. His assistance over the past 15 months has been helpful and important. His final offense level would be 21, falling within a guidelines range of 37-46 months.

Respectfully Submitted,

DATED: May 21, 2008

WILLIAM M. WELCH II
Chief, Public Integrity Section


/s/ Ann Brickley
ANN C. BRICKLEY
JOHN P. PEARSON
Trial Attorneys
U.S. Department of Justice
Criminal Division
Public Integrity Section
1400 New York Ave., NW
Suite 12100
Washington, DC 20005
(202) 514-1412
Ann.brickley@usdoj.gov
John.pearson@usdoj.gov