AO 245B   (Rev. 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

UNITED STATES OF AMERICA
v.
PHILIP H. BLOOM

AMENDED JUDGMENT IN A CRIMINAL CASE

Case Number:   06-053 (CKK)
USM Number:   28324-016

John N. Nassiskas, III
Defendant's Attorney

FILED
JUN 1 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1, 2, and 3 of the Information

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy | In or about December 2004 | 1 |
| 18 USC 2001(b)(1) | Bribery | In or about December 2004 | 2 |

The defendant is sentenced as provided in pages 2 through   11   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                                   is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 11, 2008
Date of Imposition of Judgment

Signature of Judge

Colleen Kollar-Kotelly                     U.S. District Judge
Name of Judge                              Title of Judge

6/19/08
Date



AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 1A

DEFENDANT: PHILIP H. BLOOM
CASE NUMBER: 06-053 (CKK)

Judgment—Page  2  of  11

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1956(h) | Money Laundering Conspiracy | In or about December 2005 | 3 |

AO 245B (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 3 of 11

DEFENDANT: PHILIP H. BLOOM
CASE NUMBER: 06-053

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

37 months on Count 1, 37 months on Count 2 and 37 months on Count 3 to run concurrent to each other. Credit for time served.

☑ The court makes the following recommendations to the Bureau of Prisons:

That defendant's sentence be served at Allenwood, VA or Fairton, NJ.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____ .

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____ .

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
     Sheet 3 — Supervised Release

Judgment—Page  4  of  11

DEFENDANT: PHILIP H. BLOOM
CASE NUMBER: 06-053 (CKK)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

2 years on Count 1, 2 years on Count 2 and 2 years on Count 3, to run concurrently. The Court, recognizing you are a Romanian resident, will allow you to return to Romania to reside; however, you shall report, in person and at your own expense, to the US Probation Office every six months and maintain monthly telephone contact with a US Probation Officer throughout the duration of the term of supervised release.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

DEFENDANT: PHILIP H. BLOOM
CASE NUMBER: 06-053 (CKK)

Judgment—Page 5 of 11

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall pay $3.6 million restitution, joint and several with Bruce Hopfengardner (Dkt. No. 06-204) and Robert Stein (Dkt. No. 06-016), and any other co-conspirator, at a rate of no less than $300 per month while on supervision.

2. The defendant shall provide the Probation Office with your income tax returns, authorization for release of credit information, and any other business or financial information in which you have a control or interest.

3. The defendant shall submit to the collection and use of DNA identification information while incarcerated in the Bureau of Prisons, or at the direction of the US Probation Office.

4. The Court, based upon reliable sentencing information, believes you pose a low risk of future substance abuse. The Court will therefore waive the condition for mandatory drug testing.

5. The Court enters a money judgment in the amount of $3.6 million, joint and several with Bruce Hopengardner (Dkt. No. 06-204) and Robert Stein (Dkt. No. 06-016), and any other co-conspirator.

The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court. Treatment agencies shall return the presentence report to the Probation Office upon the defendant's completion or termination from treatment.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __11__

DEFENDANT: PHILIP H. BLOOM
CASE NUMBER: 06-053 (CKK)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 300          | $ 0      | $ 3.6 million   |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| [redacted]        | [redacted]      | [redacted]              | [redacted]                 |
| [redacted]        | [redacted]      | [redacted]              | [redacted]                 |
| [redacted]        | [redacted]      | [redacted]              | [redacted]                 |
| [redacted]        | [redacted]      | [redacted]              | [redacted]                 |
| [redacted]        | [redacted]      | [redacted]              | [redacted]                 |
| [redacted]        | [redacted]      | [redacted]              | [redacted]                 |

**TOTALS**  $ ___0.00___   $ ___0.00___

☑ Restitution amount ordered pursuant to plea agreement $ 3.6 million

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the    ☐ fine   ☑ restitution.

  ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
          Sheet 6 — Schedule of Payments

DEFENDANT: PHILIP H. BLOOM  
CASE NUMBER: 06-053 (CKK)

Judgment — Page 7 of 11

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☒ Lump sum payment of $ 100.00 due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

  Defendant shall pay restitution in the amount of $3.6 million, joint and several with Bruce Hopfengardner (Dkt. No. 06-204) and Robert Stein (Dkt. No. 06-016) and any other co conspirator, at a rate of no less than $300 per month while on supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

  Philip Bloom (Dkt. No. 06-053), Bruce Hopfengardner (Dkt. No. 06-204), Robert Stein (Dkt. No. 06-016) and any other co conspirator, at a rate of no less than $300 per month while on supervision.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
  SEE ATTACHED ORDER

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,   )
                            )
           Plaintiff,       )
                            )
       v.                   )     CR. No. 06-00053
                            )
PHILIP H. BLOOM,            )
                            )
           Defendant.       )

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea on Count 1 of the Information, for which the Government sought forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461, defendant shall forfeit to the United States all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violation.

2. As a result of the guilty plea on Count 3 of the Information, for which the Government sought forfeiture pursuant to 18 U.S.C. § 982, defendant shall forfeit to the United States all property involved in such violation.

3. The Court has determined, based on defendant's plea agreement and evidence already in the record, including defendant's factual statements, that Account No. 19212 at Bank Hofmann in Switzerland is subject to forfeiture pursuant to 18 U.S.C. § 982, as well as 18 U.S.C. § 981 and 28 U.S.C. § 2461, that the defendant had an interest in such property, and that the government has established the requisite nexus between such property and such offenses.

4. Accordingly, Defendant's interest in Account 12912 at Bank Hofmann in Switzerland (the "Subject Property"), is hereby deemed forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, and 28 U.S.C. § 2461.

5. The Court has further determined, based on defendant's plea agreement and evidence already in the record, including defendant's factual statements, that the Defendant shall forfeit to the United States the sum of $3,600,000.00 pursuant to Title 18, United States Code, §§ 981 and 982, and Title 28, United States Code § 2461. This money judgment is to be satisfied, in part, by the assets located in Bank Hofmann Account No. 19212.

6. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

7. The United States shall publish notice of the order and its intent to dispose of the Subject Property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

8. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c) which incorporates 21 U.S.C. § 853(n).

9. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

10. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

11. Following the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

12. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

13. Defendant's liability in this matter is joint and several with his co-conspirators, as detailed in the Order of Forfeiture entered in <u>United States v. Robert J. Stein, Jr.</u>, No. 06-16 and promulgated at the sentencing in that matter on January 31, 2006, and to be addressed in ancillary proceedings in connection with that matter as

well as in <u>United States v. Bruce D. Hopfengardner</u>, No. 06-204. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property sufficient to satisfy the money judgment in whole or in part.

14. The Court shall retain jurisdiction to enforcing this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

15. The Clerk of the Court shall forward four certified copies of this Order to the Asset Forfeiture and Money Laundering Section, Criminal Division United States Department of Justice, Attention: Trial Attorney Patrick T. Murphy.

SO ORDERED:
Dated:

Feb. 14, 2007

_____
HON. COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE